22 N.J. Super. 188 (1952)
91 A.2d 763
BOROUGH OF WEST CALDWELL BY STEPHEN SIMONY, BUILDING INSPECTOR, PLAINTIFF,
v.
MORRIS ZELL AND RALPH RINEHARDT, DEFENDANTS.
Superior Court of New Jersey, Essex County Court Law Division.
Decided October 17, 1952.
*189 Mr. John J. McDonough, Borough Attorney, for plaintiff.
Mr. John W. Lebeda, attorney for defendants.
Mr. Samuel Rosenblatt, attorney for tenants, M & M Trucking Corporation.
SPEAKMAN, J.C.C.
This is an appeal from a judgment of conviction in the Municipal Court of the Borough of West Caldwell for violation of section VI of that municipality's zoning ordinance and by consent was heard on the record taken below.
The question presented is whether the use made of the building owned by the defendants designated as 1045 Bloomfield Avenue, was a violation of the ordinance which prohibits the use of any building for purposes other than those specifically permitted.
The complaint alleges that, "* * * on or about May 21, 1952 (the defendants) did permit the said building erected thereon and the premises thereof to be used as a *190 transfer depot and truck terminal for the loading and unloading of truck cargoes, with the use of large tractors and trailers, which use is an industry, business and purpose that is not authorized or permitted in the business district * * *" (Emphasis added).
The appellants contend that the activity carried on comes within the permitted uses. The ordinance provides that a public garage for purposes of auto repair is permitted. Paragraph 7, section VI. Also permitted, under certain limitations as to the number of employees and amount of power utilized, is the storage of foodstuffs, fodder, fuel or building material, and furniture storage. Paragraph 8, section VI. Appellants seek to justify their use of the property by a reading of these two paragraphs together, to the effect that a garage and warehouse for storage would be authorized. However, this is not the activity which is the subject of this action.
Norman MacLeod, an officer of the tenant corporation and the person in charge of the activities at the premises testified to the effect that the tenant freighted commodities in, took them off the trucks, put them on the platform, and delivered them to the owners when they were called for. On the basis of this testimony, taken together with all the other evidence, it is clear that a trucking terminal was being conducted at the premises of the defendant. A reading of the ordinance discloses that such an activity is not a permitted use in a business district. Therefore the activity of the defendants-appellants on May 21, 1952 was a violation of the ordinance.
Appellants further contend that their activity is not unlawful for the following reasons:
1. The ordinance is not uniform throughout the district and therefor is in conflict with R.S. 40:55-31.
2. The ordinance is unconstitutional because it is based on an arbitrary and unreasonable classification and thus fails to conserve the value of the defendant's property, and because there is no relationship between the health, safety and welfare *191 of the people and the purpose which it attempts to accomplish.
3. The business conducted on the premises of the appellants is not objectionable from the standpoint of noise and safety.
4. The ordinance does not fall within the authorized purposes of zoning.
5. This court has no jurisdiction to grant relief in the case of an alleged nuisance due to noise or an alleged unsafe condition.
6. Storage and warehousing are synonymous terms and since storage is permitted the defendant's activity, which is nothing more than warehousing, should also be permitted.
These contentions will be considered in the order raised by appellants.
1. Appellants contend that an amendment to the borough ordinance which permits operation of a bus garage for interstate buses in a business district establishes authority for an activity which is essentially the same as the activity which they carry on and that therefor the ordinance is not uniform if it prohibits their activity. The fallacy in this contention is the assumption that the operation of a garage is the activity here being challenged. Actually it is the operation of a truck terminal and transfer depot that is here brought in question. This activity involves the transfer of heavy shipments of commodities from one truck to another, either directly or by way of the appellant's storage platform. The former type of activity is specifically permitted under the original ordinance. Paragraph 7, section VI. The latter activity is not. All operations which have one facet in common are not thereby equivalent operations. The storage (or warehousing) permitted by section VI, paragraph 8 pertains to commodities sold by local merchants. The provision is a recognition of the principle which demands that a merchant have more on hand than he anticipates selling in any one day.
2. This ordinance seeks to prevent the operation of a truck terminal and transfer point along the main business *192 thoroughfare. Such an ordinance is a manifestation of the underlying goal of reducing heavy traffic and is well within the police power of the municipality. The ordinance is not arbitrary but is based on a reasonable classification which permits in a business district local trucking and storage incidental to local business but does not permit the operation of a truck terminal and transfer depot incidental to interstate movements.
3 and 5. It is unnecessary to consider these points as they form no part of this determination nor were they the basis of any determination made in the Municipal Court.
4. The ordinance does fall within the purpose of lessening the congestion in the streets as provided for in R.S. 40:55-32.
6. The activity challenged here is not the operation of a warehouse but, as stated in point 1 above, is the operation of a truck terminal and transfer depot. Therefore the question of whether the word "storage" in paragraph 8, section VI can be interpreted to include the word "warehousing" is of no significance.
Accordingly the defendants-appellants are found guilty of a violation of section VI of the zoning ordinance of the Borough of West Caldwell and are fined the sum of $100.